# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

CHER MILAKOVICH, *as Surviving Spouse of Christopher Milakovich*,

Plaintiff,

v.

CITY OF WAUKESHA, DANIEL THOMPSON, JOHN DOE #1, JOHN DOE #2, JOHN DOE #3, and JOHN DOE #4,

Defendants.

Case No. 24-CV-608-JPS

**ORDER**

This case involves claims of excessive force and deliberate indifference after an officer-involved shooting killed Plaintiff Cher Milakovich's ("Plaintiff") spouse, Christopher Milakovich ("Milakovich"). ECF No. 1. Before the Court is Defendants City of Waukesha and Daniel Thompson's ("Moving Defendants") Civil Local Rule 7(h) expedited motion for a limited stay of these proceedings "until the Milwaukee Area Investigative Team (MAIT) investigation into the death of Christopher Milakovich is completed and the district attorney determines if there is a basis for criminal charges." ECF No. 11 at 1. Plaintiff has not filed a response to the motion, and the time to do so has lapsed. Civ. L.R. 7(h)(2).

Moving Defendants represent that, pursuant to Wis. Stat. § 175.47, the Milwaukee Police Department is serving as the independent agency to investigate Milakovich's death through the MAIT investigative team. ECF No. 11 at 1–2. Under § 175.47(5)(a), "[t]he investigators conducting the [required] investigation . . . shall, in an expeditious manner, provide a

complete report to the district attorney of the county in which the officer-involved death occurred." The district attorney then determines whether there is a "basis to prosecute the law enforcement officer involved in the officer-involved death," and if there is none, the report shall be released to the public. Wis. Stat. § 175.47(5)(b). In this case, the MAIT investigation is ongoing. ECF No. 11 at 3.

District courts have the discretion to stay a civil case pending the outcome of a related criminal action or investigation. *See United States v. Certain Real Prop., Commonly Known as 6250 Ledge Rd., Egg Harbor, Wis.*, 943 F.2d 721, 729 n.9 (7th Cir. 1991). In determining whether to stay civil proceedings because of a pending criminal action or investigation, courts may consider:

> (1) whether the two actions involve the same subject matter;
> (2) whether the two actions are brought by the government;
> (3) the posture of the criminal proceeding; (4) the effect on the public interests at stake if a stay were to be issued; (5) the interest of the plaintiffs in proceeding expeditiously with this litigation and the potential prejudice to plaintiffs of a delay; and (6) the burden that any particular aspect of the proceedings may impose on defendants.

*Tostado v. Jackson*, No. 10-CV-1162-JPS, 2011 WL 2116396, at *2 (E.D. Wis. May 25, 2011) (citing *Cruz v. County of DuPage*, No. 96 C 7170, 1997 WL 370194, at *2 (N.D. Ill. June 17, 1997)).

Absent a response from Plaintiff, there is no dispute that this action involves the same subject matter as the ongoing MAIT investigation: the officer-involved shooting of Milakovich. Wis. Stat. § 175.47 requires that the MAIT investigation be completed in an expeditious manner; thus, there is minimal prejudice to both Plaintiff and the public in granting a limited stay of these proceedings. This is particularly true given that this action has been

pending for approximately one month, and Moving Defendants represent that no discovery has taken place. ECF No. 11 at 3. Allowing the investigation to complete will also ensure that this action is decided with a full factual record. Moving Defendants aver that if this case continues without a limited stay, there will be a "severe[] burden" on the officers involved because they will be "forced to choose between answering the Complaint and responding to discovery, thereby waiving their Fifth Amendment Right and opening the door to criminal prosecution or refusing to respond to discovery thereby seriously prejudicing their ability to defend themselves against the allegations in this lawsuit." *Id.*

For all these reasons, and, again, absent a response from Plaintiff, the Court will grant Moving Defendants' motion for a limited stay of these proceedings. The deadline to file a joint Federal Rule of Civil Procedure 26(f) report as set forth in the Court's pretrial order, ECF No. 7 at 2, and any other deadlines set by either the Federal or Local Rules, shall be stayed. The parties shall file a joint status report within **Sixty (60) days of this Order** on the status of the MAIT investigation and whether the stay may be lifted. If circumstances change—or if the investigation concludes—in the intervening time, the parties shall immediately notify the Court by joint filing.

Accordingly,

**IT IS ORDERED** that Defendants City of Waukesha and Daniel Thompson's Civil Local Rule 7(h) expedited motion for a limited stay of proceedings, ECF No. 11, be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED**; and

**IT IS FURTHER ORDERED** that the parties shall **FILE** a joint status report within **Sixty (60) days of this Order** on the status of the MAIT investigation and whether the stay may be lifted; if circumstances change—or if the investigation concludes—in the intervening time, the parties shall **IMMEDIATELY** notify the Court by joint filing.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2024.

BY THE COURT:

_____

J.P. Stadtmueller
U.S. District Judge